# 25-2978-cv(L)

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT

MAURA O'NEILL,

*Plaintiff-Appellant,*

*v.*

NYU LANGONE HOSPITAL – LONG ISLAND,
NEWYORK–PRESBYTERIAN QUEENS HOSPITAL, LENOX HILL HOSPITAL,

*Defendants-Appellees,*

*and*

CITY OF NEW YORK,

*Defendant.*

*On Appeal from the United States District Court*
*for the Eastern District of New York*

# BRIEF FOR DEFENDANT-APPELLEE LENOX HILL HOSPITAL

Eldar Mayouhas
LEWIS BRISBOIS BISGAARD & SMITH, LLP
*Attorneys for Defendant-Appellee Lenox Hill Hospital*
250 Greenwich Street, 11th Floor
New York, New York 10007
212-232-1300

PHP (212) 719-0990
appeals@phpny.com

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ........ i

**TABLE OF AUTHORITIES** ........ iii

**PRELIMINARY STATEMENT** ........ 1

**STATEMENT OF THE ISSUES** ........ 2

**STATEMENT OF THE CASE AND RELEVANT PROCEDURAL HISTORY** ........ 3

**SUMMARY OF THE ARGUMENT** ........ 8

**STANDARD OF REVIEW** ........ 9

**ARGUMENT** ........ 12

**POINT ONE** ........ 12

MAGISTRATE LEVY CORRECTLY REPORTED THAT PLAINTIFF FAILED TO STATE A CIVIL RICO CLAIM AND RECOMMENDED NOT TO PERMIT REPLEADING OF THAT CLAIM, THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO PROPERLY OBJECT TO THE RECOMMENDATION, RENDERING THE ISSUE UNPRESERVED FOR APPELLATE REVIEW AND, IN ANY EVENT, ANY SUCH CLAIM WOULD BE TIME-BARRED.

**POINT TWO** ........ 15

THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT SINCE PLAINTIFF FAILED TO ALLEGE THAT SHE WAS DISCRIMINATED AGAINST BECAUSE SHE WAS A MEMBER OF A PROTECTED CLASS.

**POINT THREE** ........................................................................................16

THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR FRAUD AND FRAUDULENT CONCEALMENT IN THAT SHE DID NOT MAKE FACTUAL ALLEGATIONS WITH THE REQUISITE SPECIFICITY.

**POINT FOUR** ........................................................................................18

THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR DEFAMATION UNDER NEW YORK LAW BECAUSE SHE FAILED TO ALLEGE ANY SPECIFIC DEFAMATORY WORDS.

**POINT FIVE** ........................................................................................19

THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORK LAW BECAUSE NONE OF THE ACTS SHE ALLEGED ROSE TO THE LEVEL OF OUTRAGEOUS CONDUCT NEEDED TO SUPPORT THAT CLAIM AND BECAUSE ANY SUCH CLAIM WOULD BE TIME-BARRED.

**POINT SIX** ........................................................................................22

THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO DEMONSTRATE THAT THE DISCLOSURE OF MEDICAL RECORDS IS A FIDUCIARY DUTY AND ANY SUCH CLAIM WOULD BE TIME-BARRED.

**CONCLUSION** ........................................................................................23

# TABLE OF AUTHORITIES

## CASES

*Aguilar v. New Dairydel, Inc.*, 2023 U.S. Dist. LEXIS 159511, 2023 WL 5835829 (S.D.N.Y. 2023)....................14
*Alexander v. Priv. Protective Servs., Inc.*, 2025 WL 3083903 (2d Cir. Nov. 4, 2025)....................10
*Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85 (2d Cir. 1999) .......... 12, 13
*Arista Recs., LLC v. Doe 3,* 604 F.3d 110 (2d Cir. 2010) ....................11
*Armstrong v. McAlpin*, 699 F.2d 79 (2d Cir. 1983)....................16
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................... 10, 19
*Balintulo v. Ford Motor Co.*, 796 F.3d 160 (2d Cir. 2015)....................10
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................10
*Berrio v. City of New York*,2017 U.S. Dist. LEXIS 3759, 2017 WL 118024 (S.D.N.Y. 2017)....................20
*Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46 (2016) ....................21
*Di Orio v. Utica City Sch. Dist. Bd. of Educ*., 305 A.D.2d 1114 (4th Dep't 2003) ....................20
*DM Manager LLC v. Fid. Nat'l Info. Servs., Inc*., 2025 WL 863338 (2d Cir. Mar. 19, 2025)....................16
*Doe v. Cmty. Health Plan-Kaiser Corp.*, 268 A.D.2d 183 (3d Dep't 2000)...........21
*Doin v. Dame*, 82 A.D.3d 1338 (3d Dep't 2011) ....................20
*Exner v. First Manhattan Co.*, 902 F.2d 169 (2d Cir. 1990)....................17
*First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159(2d Cir. 2004)...........13
*Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011)....................10
*Gay v. Carlson*, 60 F.3d 83 (2d Cir. 1995) ....................21
*Gross v. New York Times Co.*, 82 N.Y.2d 146 (1993)....................18
*Henrietta D. v.* Bloomberg, 331 F.3d 261 (2d Cir. 2003) ....................15
*Hirschfeld v. Daily News, L.P.*, 269 A.D.2d 248 (1st Dep't 2000) ....................20
*Kasavana v. Vela*, 172 A.D.3d 1042 (2d Dep't 2019)....................18
*Knight v. City of New York*, 164 F.4th 173 (2d Cir. 2026) ....................11
*Koch v. Christie's Int'l PLC*, 699 F.3d 141 (2d Cir. 2012)....................14
*Leonard v. Reinhardt*, 20 A.D.3d 510 (2d Dep't 2005) ....................20
*Martin v. Citibank, N.A.*, 762 F.2d 212 (2d Cir. 1985)....................21
*Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349 (2d Cir. 2025).... 10, 11, 14
*O'Neill v. Khuzami*, 2022 WL 704696 (N.D. Ga. Mar. 9, 2022) ....................1
*Olson v. Major League Baseball*, 29 F.4th 59 (2d Cir. 2022) ....................16
*Orchid Constr. Corp. v Gottbetter*, 89 A.D.3d 708 (2d Dep't 2011) ....................16
*Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019) ....................18

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)........................................................13
*Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, 2022 U.S. Dist. LEXIS 36892, 2022 WL 624451 (S.D.N.Y. 2022)...........................................14
*Salmon v. Blesser*, 802 F.3d 249 (2d Cir. 2015).....................................................20
*Shelton v. Ciox Health*, LLC, 2018 U.S. Dist. LEXIS 202798 (E.D.N.Y. 2018) ...22
*Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011) .......................................15
*Teller v. Galak*, 162 A.D.3d 959 (2d Dep't 2018)...................................................19
*Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 157 (2d Cir. 2014) ............... 20, 21
*U.S. ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71 (2d Cir. 2017) ......................................................................16
*Vivar v. City of New York*, 2020 U.S. Dist. LEXIS 56251, 2020 WL 1505654 (S.D.N.Y. 2020)..........................................................................................20
*Walker v. Schult*, 717 F.3d 119 (2d Cir. 2013) .......................................................10
*Whitney v. Citibank, N.A.*, 782 F.2d 1106 (2d Cir. 1986).......................................22
*Willey v. Kirkpatrick*, 801 F.3d 51 (2d Cir. 2015) .................................................10

## FEDERAL STATUTES

18 U.S.C. § 1962(c) ..........................................................................................12
18 U.S.C. § 1964(c) ..........................................................................................13
28 U.S.C. § 636(b)(1)(B) ....................................................................................11
42 U.S.C. § 12132..............................................................................................15
42 U.S.C. § 1983................................................................................................14

## RULES

CPLR § 3016(b).................................................................................................16
Fed.R.Civ.P. 9(b) ...................................................................................... 7, 9, 16, 17
Fed.R.Civ.P. 72(b) ..............................................................................................11

## PRELIMINARY STATEMENT

The *pro se* plaintiff has commenced numerous lawsuits in various jurisdictions relating to the facts underlying the instant suit (*see* 23-cv-04679, ECF Doc. No. 6, pp. 2-3, n. 3). As previously cited by the district court in dismissing plaintiff's first amended complaint in this case, "At least two judges have warned plaintiff that filing duplicative and redundant lawsuits is an abuse of the judicial process. *See O'Neill v. Khuzami*, No. 20-CV-4632 (JPB), 2022 WL 704696, at *6 n.3 (N.D. Ga. Mar. 9, 2022) (quoting a Justice of the Queens County Supreme Court that "if this is not a complete abuse of the judicial process[,] this Court does not know what is")" (*see* 23-cv-04679, ECF Doc. No. 59, p. 4).

Now, following dismissal of her amended complaint, her unauthorized filing of a second amended complaint which the district court graciously deemed a motion to amend, denial of the motion to amend and denial of her Rule 60 motion to reconsider the order of dismissal, plaintiff further abuses the judicial process and appeals the denial of her motion to amend.

Despite the numerous incoherent pages written by plaintiff and the uncountable resources spent by the defendants and the courts to respond to and consider her outlandish claims that the NYPD, three major New York City hospital systems and various other entities conspired to cover up sexual harassment and rape

committed by her colleague – “the Bill Cosby of Wall Street”- plaintiff still fails to state a cognizable claim under which relief could be granted.

This appeal is no more coherent that plaintiff’s prior filings and is, in fact, nearly identical to plaintiff’s objections to the magistrate’s report and recommendation to deny plaintiff leave to file her proposed second amended complaint, which was adopted by the district court.

Plaintiff fails to present any argument which warrants disturbing the decision of the district court and its order must therefore be affirmed.

## STATEMENT OF THE ISSUES

Whether the district court correctly determined that allowing plaintiff to file her proposed second amended complaint would be futile because plaintiff failed to state a claim therein since:

1. plaintiff failed to state a cognizable objection to the magistrate judge’s report that her conclusory allegations did not sufficiently plead that the defendants participated in the operation or management of an enterprise;

2. plaintiff failed to state a cause of action for violation of the Americans with Disabilities Act in the proposed second amended complaint because she did not allege that she was discriminated against because she was a member of a protected class;

3. plaintiff failed to state a cause of action for fraud or fraudulent concealment in the proposed second amended complaint because she did not make factual allegations with the requisite specificity;

4. plaintiff failed to state a cause of action for defamation in the proposed second amended complaint because she failed to identify a specific defamatory statement made by any of the defendants;

5. plaintiff failed to state a cause of action for intentional infliction of emotional distress in the proposed second amended complaint because none of the acts she alleged rose to the level of outrageous conduct needed to support such a claim;

6. plaintiff failed to state a cause of action for breach of fiduciary duty in the proposed second amended complaint because she failed to plausibly allege that the disclosure of medical records to a patient is a fiduciary duty.

## STATEMENT OF THE CASE AND RELEVANT PROCEDURAL HISTORY

Plaintiff commenced the instant iteration of her misdirected crusade with the filing of her initial complaint in the United States Court for the Eastern District of New York on June 22, 2023. Plaintiff did not serve this complaint on defendant-appellee Lenox Hill Hospital ("Lenox Hill") (A7). Plaintiff filed an amended complaint on September 14, 2023 (A8).

In the amended complaint, plaintiff alleged that she was sexually harassed by Christopher Wilder while working at DB Securities from 2004 to 2007. She further alleged that, on January 6, 2017, Mr. Wilder drugged her, broke into her home and raped her. She alleged that Mr. Wilder further broke into her apartment and raped her on November 24, 2017. Plaintiff alleged that she attempted to report the rape to the NYPD, but that it destroyed evidence, including a rape kit, and withheld toxicology reports from her (A20).

Plaintiff alleged that defendants-appellees NYU Langone Hospital Long Island, New York Presbyterian Queens and Lenox Hill ("hospital defendants") aided and abetted Mr. Wilder and violated her rights by failing to take proper histories, improperly using laboratory procedures, making improper diagnoses, creating fraudulent records, denying her access to her health information and discussing her care with Wilder's agents (A21).

Plaintiff brought causes of action for fraud, breach of fiduciary duty, intentional infliction of emotional distress, civil RICO violations, conspiracy and invasion of Constitutional privacy rights (A22, A35).

The hospital defendants each moved to dismiss for failure to state a claim, and, on September 17, 2024, the district court granted the motions to dismiss while allowing plaintiff to move to file a second amended complaint by explaining how

any proposed new complaint cured the deficiencies of the dismissed amended complaint (A22).

Instead of filing a motion and without leave of court or the consent of the parties, plaintiff filed a 180-page second amended complaint, which the court construed as a motion for leave to amend the complaint. The proposed second amended complaint raised claims of fraud, fraudulent concealment, breach of fiduciary duty, intentional infliction of emotional distress, defamation, civil RICO violations and violations of the Americans with Disabilities Act (A22, A36, A46-A225).

The hospital defendants each opposed on the ground that the proposed amendment would be futile since the proposed second amended complaint failed to state a cognizable claim (A22, A36).

On June 9, 2025, Magistrate Judge Levy issued a report and recommendation ("R&R"), recommending denial of plaintiff's motion to further amend the complaint. Judge Levy found that:

1) plaintiff failed to state a claim for civil RICO because she did not allege sufficient facts to plead that the defendants participated in the operation or management of an enterprise;
2) plaintiff failed to state an ADA claim in that she failed to allege that she was discriminated against because she was a member of a protected class;

3) a district court may decline to exercise supplemental jurisdiction over state court claims once it has dismissed all federal claims, permitting dismissal of plaintiff's claims for common law fraud/fraudulent concealment, intentional infliction of emotional distress, defamation and breach of fiduciary duty; and

4) even if the state law claims were considered, the proposed second amended complaint failed to state a cause of action as to them.

Plaintiff objected to the R&R and also moved pursuant to Rule 60 for reconsideration of the order dismissing her first amended complaint. The district court overruled the objections, adopted the R&R in full and denied the Rule 60 motion (A23, A32).

The court initially stated its duty to review any recommendations which were properly objected to *de novo*; it was to review any parts which were not properly objected to for clear error (A24).

The court noted that, notwithstanding her critique that the R&R is "untethered to reality," plaintiff failed to state a challenge to any specific aspect of Judge Levy's analysis regarding plaintiff's failure to state a RICO claim. The court therefore overruled plaintiff's objections to the recommendation to not allow repleading of the RICO claim (A24-25).

Likewise, the court noted that, despite plaintiff's general claim that the defendants "failed to comply with even the most basic federal standards," she failed to address the issue of her failure to plead that she was discriminated against because she was a member of a protected class (A25).

The court agreed with Magistrate Judge Levy's finding that plaintiff's fraud claims failed because she did not comply with Rule 9(b) by pleading the statements that she alleged were fraudulent, the speaker, where and when the statements were made and why the statements were fraudulent. The court found that, even applying a relaxed standard due the claim that the facts are in the defendants' knowledge, plaintiff failed to "adduce specific facts supporting a strong inference of fraud" with her "conclusory and vague allegations" (A26).

The court likewise found that plaintiff failed to meet FRCP 9(b)'s pleading requirements in alleging fraudulent concealment given her "generalized and conclusory allegations." It noted that this Court has applied Rule 9(b)'s requirement to fraudulent concealment plans, that plaintiff was not entitled to a relaxing of those standards since she did not plead facts suggesting that she was a victim of a "complex fraudulent scheme" and that plaintiff's generalized statements would not even meet those relaxed standards (A27).

The court found that plaintiff failed to state a claim for intentional infliction of emotional distress because, even in adopting her position that the allegations in

the proposed second amended complaint should be taken together as a series of acts, the R&R correctly found that the facts she pleaded do not rise to the level of outrageous conduct necessary to support such a claim (A28-A29).

The court found that plaintiff failed to state a claim for defamation in that she failed to specify the relevant speakers, the defamatory statements, and when the defamation occurred (A29).

The court finally found that plaintiff had failed to provide any support for her claim that the hospitals had a fiduciary duty to provide her with medical records (A29).

Regarding plaintiff's Rule 60 motion, the court found that plaintiff failed to demonstrate any "exceptional circumstances" which would warrant relief from the prior order dismissing the first amended complaint (A30-A32).

On November 18, 2025, plaintiff filed a notice of appeal "from the decision entered in this action on the 27th day of October 2025 which (1) denied Plaintiff's objection to the Magistrate's Report and Recommendations, (2) granted Defendants' motions to dismiss, and (3) closed this case" (A34).

## SUMMARY OF THE ARGUMENT

The district court correctly denied plaintiff's motion for leave to file a second amended complaint since the filing of the complaint would have been futile as it

would have been subject to dismissal. Specifically, plaintiff's RICO claim was subject to dismissal since plaintiff failed to establish that the defendants participated in the operation or management of an enterprise and her Americans with Disabilities Act claim was subject to dismissal because plaintiff did not allege that she was discriminated against because she was a member of a protected class. Having dispensed with the federal causes of action, the court was under no obligation to consider plaintiff's state claims. Nonetheless, it correctly determines that plaintiff's fraud and fraudulent concealment claims were subject to dismissal since she did not plead them with the specificity required by Rule 9(b), her defamation claim was subject to dismissal because she failed to identify a specific defamatory statement made by any of the defendants, her intentional infliction of emotional distress claim was subject to dismissal because none of the acts she alleged rose to the level of outrageous conduct needed to support such a claim and her breach of fiduciary duty claim was subject to dismissal because she failed to plausibly allege that the disclosure of medical records to a patient is a fiduciary duty.

## STANDARD OF REVIEW

While an appellate court generally, reviews "a district court's decision to permit or deny leave to amend a complaint for abuse of discretion, keeping in mind that leave to amend should be freely granted when justice so requires, . . . when

denial of leave to file a revised pleading is based on a legal interpretation, such as futility, [it] review[s] the district court's legal determination without deference." *Alexander v. Priv. Protective Servs., Inc.*, No. 24-853-CV, 2025 WL 3083903, at *3 (2d Cir. Nov. 4, 2025) (internal citations and quotations omitted).

"A proposed amendment to a complaint is futile when it "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015)

In turn, in assessing a motion to dismiss, a court must consider whether "the complaint contains sufficient factual matter that, if accepted as true, states a plausible claim for relief." *Willey v. Kirkpatrick*, 801 F.3d 51, 61-62 (2d Cir. 2015); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint that merely "'tenders naked assertions devoid of further factual enhancement' fails to meet this standard." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011), *quoting Iqbal*, 556 U.S. at 678. While a *pro se* complaint is to be construed "liberally to raise the strongest arguments it suggests . . . a *pro se* complaint must [nonetheless] state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

As is further relevant here, "When referred a dispositive matter, [a] magistrate judge issues an R&R with proposed findings of fact and recommendations for the [case's] disposition. . . [and] [t]he parties then have an opportunity to object to the

R&R, in whole or in part." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (internal citations and quotations omitted); *see* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b*); Arista Recs., LLC v. Doe 3,* 604 F.3d 110, 116 (2d Cir. 2010). "[A] district court may review a report and recommendation for clear error when a party's objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition. . . . But "[w]here a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Knight v. City of New York*, 164 F.4th 173, 177 (2d Cir. 2026) (internal citations and quotations omitted). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Nambiar*, 158 F.4th at 359.

# ARGUMENT

## POINT ONE

**MAGISTRATE LEVY CORRECTLY REPORTED THAT PLAINTIFF FAILED TO STATE A CIVIL RICO CLAIM AND RECOMMENDED NOT TO PERMIT REPLEADING OF THAT CLAIM, THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO PROPERLY OBJECT TO THE RECOMMENDATION, RENDERING THE ISSUE UNPRESERVED FOR APPELLATE REVIEW AND, IN ANY EVENT, ANY SUCH CLAIM WOULD BE TIME-BARRED.**

Magistrate Judge Levy correctly found that plaintiff failed to allege facts in the proposed second amended complaint to support a civil RICO claim. Section 1962 of RICO provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To sufficiently allege that the defendant violated RICO, a plaintiff must plead four elements: "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999) (internal quotation marks omitted). To establish civil liability, a plaintiff must also "plead injury to [its]

business or property as a result of the RICO violation." *Anatian*, 193 F.3d at 88; *see* 18 U.S.C. § 1964(c).

"[F]or an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004). "For RICO purposes, simply establishing the presence of an enterprise is not enough. Plaintiffs must also allege that the defendants conduct[ed] or participate[d], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *First Capital Asset Mgmt.*, 385 F.3d at 175-176. The defendant must have had "some part in directing [the enterprises] affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).

Magistrate Levy correctly found that, just as in the dismissed first amended complaint, plaintiff factual RICO allegations in the second amended complaint amounted to "conclusory, boilerplate allegations" which were not "sufficient to plead that defendants 'participated in the operation or management of any enterprise'" (A39). Indeed, paragraphs 959-1004 of the proposed second amended complaint reiterate plaintiff's claims of destroyed rape kits, falsified medical records and illegal advanced directives, but do nothing to establish a pattern of racketeering by the hospital defendants.

It is therefore unsurprising that plaintiff could not raise a substantive objection to this portion of the report and recommendation, instead engaging in insults such as referring to Magistrate Levy's analysis as "untethered to reality" and alleging that the report and recommendation was based on "secret findings of fact and conclusions of law" conveyed by the "Wilder team" on an *ex parte* basis (A24-A25, A251). Consequently, the district court correctly concluded that plaintiff failed to properly object to that portion of the R&R, thereby adopting Magistrate Levy's recommendation.

Moreover, as noted above, plaintiff's failure to assert a proper objection renders this issue unpreserved for appellate review. *See Nambiar*, 158 F.4th at 359.

As another basis for affirming the denial of leave to file a further amended complaint alleging civil RICO violations, it is worth noting that any such claim would be time-barred. The statute of limitations on RICO claims is four years from when the plaintiff learned of her injury. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012).[1]

Here, plaintiff was certainly aware of any discrepancies in her record when she allegedly discussed them with the head of Lenox Hill's Emergency Department

---

[1] Of note, New York Executive Order 202.67 (covid TOLL) does not toll the statutes of limitation for federal causes of action (except where a federal statute such as 42 U.S.C. § 1983 explicitly adopted state tolling provisions). *See, e.g., Aguilar v. New Dairydel, Inc.*, 2023 U.S. Dist. LEXIS 159511, *6, n. 3, 2023 WL 5835829 (S.D.N.Y. 2023); *Romero v. Manhattan & Bronx Surface Transit Operating Auth.*, 2022 U.S. Dist. LEXIS 36892, *41, 2022 WL 624451 (S.D.N.Y. 2022).

on January 12, 2018 (A66) and the four-year statute of limitations on any RICO claim therefore expired before she commenced this lawsuit On June 22, 2023.

## POINT TWO

**THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT SINCE PLAINTIFF FAILED TO ALLEGE THAT SHE WAS DISCRIMINATED AGAINST BECAUSE SHE WAS A MEMBER OF A PROTECTED CLASS.**

It is well established that in order to sufficiently plead a cause of action for violation of the Americans with Disabilities Act, a plaintiff must allege that she was a member of a protected class and that she was discriminated against by reason of being a member of that class. *See Smith v. NYCHA*, 410 F. App'x 404, 406 (2d Cir. 2011); *Henrietta D. v.* Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003); 42 U.S.C. § 12132.

Despite authoring pages upon pages in her proposed second amended complaint, objection to the report and recommendation and, now in her appeal, plaintiff fails to allege that she was discriminated against because she was a member of a protected class. In fact, she repeatedly alleges that the hospital defendants acted in furtherance of aiding "the Wilder team," not due to any discriminatory animus.

Consequently, the district court correctly found that amending the complaint to add this cause of action would be futile since it would be subject to dismissal.

## POINT THREE

**THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR FRAUD AND FRAUDULENT CONCEALMENT IN THAT SHE DID NOT MAKE FACTUAL ALLEGATIONS WITH THE REQUISITE SPECIFICITY.**

As correctly noted by the district court:

> A complaint alleging fraud under Federal Rule of Civil Procedure 9(b) must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' *U.S. ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017 (citation and quotation marks omitted).

(A27). *See Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (citation omitted); *see also* NYCPLR § 3016(b); *Orchid Constr. Corp. v Gottbetter*, 89 A.D.3d 708, 710 (2d Dep't 2011) (requiring that a cause of action for fraud state the name of any individual who made misrepresentations, the specific item misrepresented and the times those misrepresentations were made).

As further correctly noted by the district court, Rule 9(b)'s pleading requirements are applicable to fraudulent concealment claims (A27). *See Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983); *DM Manager LLC v. Fid. Nat'l Info. Servs., Inc.*, No. 24-1217, 2025 WL 863338, at *3 (2d Cir. Mar. 19, 2025).

Notwithstanding plaintiff's oft-repeated claims that her claim should not be dismissed because knowledge of the claim is in the defendants' possession, this Court has repeatedly warned that despite the fact that Rule 9(b)'s requirement may be somewhat relaxed and allegations may be based on information and belief under such circumstances, "This exception to the rule must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Exner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). The Court directed that, "Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Exner*, 902 F.2d at 172.

Here, whether asserted as absolute truth or upon information or belief, plaintiff fails to adduce the specific facts required to support a cause of action for fraud or fraudulent concealment - (1) specify the statements that the plaintiff contends were fraudulent or the items that were fraudulently concealed, (2) identify the speaker, (3) state where and when the statements were made or the matters concealed, and (4) explain why the statements or alleged failure to disclose were fraudulent.

Accordingly, the district court correctly held that plaintiff failed to state a cause of action for fraud or fraudulent concealment in her proposed second amended complaint.

## POINT FOUR

### THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR DEFAMATION UNDER NEW YORK LAW BECAUSE SHE FAILED TO ALLEGE ANY SPECIFIC DEFAMATORY WORDS.

"Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019). "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action." *Gross v. New York Times Co.*, 82 N.Y.2d 146, 152–153 (1993). Accordingly, "[a]n expression of pure opinion is not actionable ..., no matter how vituperative or unreasonable it may be." *Kasavana v. Vela*, 172 A.D.3d 1042, 1045 (2d Dep't 2019).

Here, while plaintiff again does not spare her words, she fails to identify a specific defamatory statement made by any of the hospital defendants. She certainly fails to allege that the defendants made any specific factual statement about her which is capable of being proven false.

Plaintiff thereby failed to state a cause of action for defamation under New York state law in the proposed second amended complaint and the district court

consequently correctly found that allowing plaintiff to amend her complaint and proceed with the failed claim would be futile.

## POINT FIVE

### THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORK LAW BECAUSE NONE OF THE ACTS SHE ALLEGED ROSE TO THE LEVEL OF OUTRAGEOUS CONDUCT NEEDED TO SUPPORT THAT CLAIM AND BECAUSE ANY SUCH CLAIM WOULD BE TIME-BARRED.

Initially, although the district court did not address the issue, any intentional infliction of emotional distress claim based on actions preceding June 22, 2022, would be time-barred since the statute of limitation on intentional infliction of emotional distress is one year and plaintiff commenced this action on June 22, 2023. *See Teller v. Galak*, 162 A.D.3d 959, 960 (2d Dep't 2018). To the extent that plaintiff alleges any intentional infliction of emotional distress without a date, those claims must be dismissed for lack of factual specificity. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Moreover, any emotional distress claim brought by plaintiff would be subject to dismissal since "[i]ntentional and negligent infliction of emotional distress are torts that may be invoked only as a last resort, to provide relief in those circumstances where traditional theories of recovery do not." *Vivar v. City of New*

*York*, 2020 U.S. Dist. LEXIS 56251, *47, 2020 WL 1505654 (S.D.N.Y. 2020), *citing Salmon v. Blesser*, 802 F.3d 249, 256-57 (2d Cir. 2015) (internal citations and quotation marks omitted); *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir. 2014). "As a result, all four New York State Appellate Division courts have held that such claims may never be brought when the challenged conduct falls well within the ambit of other traditional tort liability." *Vivar*, 2020 U.S. Dist. LEXIS 56251 at 47 (underlying conduct was actionable as battery); *see Berrio v. City of New York*, 15-cv-09570 (ALC), 2017 U.S. Dist. LEXIS 3759, 2017 WL 118024, *7 (S.D.N.Y. 2017) (underlying conduct was actionable through the traditional tort remedy of false arrest); *Doin v. Dame*, 82 A.D.3d 1338, 1340 (3d Dep't 2011); *Leonard v. Reinhardt*, 20 A.D.3d 510, 510 (2d Dep't 2005); *Di Orio v. Utica City Sch. Dist. Bd. of Educ.*, 305 A.D.2d 1114, 1115 (4th Dep't 2003); *Hirschfeld v. Daily News, L.P.*, 269 A.D.2d 248, 249 (1st Dep't 2000).

While plaintiff fails to substantiate any of her claims with sufficient factual allegations, she does not allege any actions by which she was harmed but which fall outside traditional theories of recovery. Consequently, the claim of intentional infliction of emotional distress is unavailable to her.

In any event, the district court correctly held that plaintiff did not meet the very high bar of pleading "extreme and outrageous conduct" which "so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized

society" (A28). *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 157 (2d Cir. 2014); *see Gay v. Carlson*, 60 F.3d 83, 89 (2d Cir. 1995); *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985). As the court summarized,

> Plaintiff's allegations involve the hospital defendants' alleged failure to take "proper medical histories," SAC ¶ 39, improper "diagnos[es]," *ibid*, fraudulent creation of medical records, *id*. ¶¶ 35-36, and denial of access to health information, *id.* ¶¶ 200-203.

As the district court noted, courts have dismissed intentional infliction of emotional distress claims in circumstances more egregious than those alleged by plaintiff in the proposed second amended complaint. The court cited to the following cases for comparison: *Doe v. Cmty. Health Plan-Kaiser Corp.*, 268 A.D.2d 183, 188 (3d Dep't 2000) (unauthorized release of confidential medical information "is not so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community") and *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56–58 (2016) (allegation that defendant allowed ABC to broadcast footage of the final moments of decedent's life, without the knowledge or consent of decedent or plaintiffs was not sufficient to support an intentional infliction of emotional distress cause of action because it did not rise to the level necessary to satisfy the outrageousness element).

Accordingly, the district court correctly found that plaintiff did not sufficiently plead intentional infliction of emotional distress in the proposed second amended complaint.

## POINT SIX

### THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF FAILED TO DEMONSTRATE THAT THE DISCLOSURE OF MEDICAL RECORDS IS A FIDUCIARY DUTY AND ANY SUCH CLAIM WOULD BE TIME-BARRED..

Plaintiff attempts to distinguish *Shelton v. Ciox Health*, LLC, 2018 U.S. Dist. LEXIS 202798, *12 (E.D.N.Y. 2018) which addresses the issue of whether disclosure of medical records is a fiduciary duty and concludes that it is not. As the district court noted below and as continues to be true in this appeal, notwithstanding plaintiff's attempt to distinguish *Shelton*, she does not cite to any authority establishing that such a fiduciary duty exists or plausibly allege any such duty. She therefore fails to state claim for breach of fiduciary duty in the second amended complaint because the can be no breach without an underlying duty. *See Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir. 1986) (elements of claim for breach of fiduciary duty include a breach of a fiduciary duty, knowingly, causing damages). Moreover, she fails to allege damages as a direct result of any such breach.

## CONCLUSION

For all of the forgoing reasons, the decision of the district court must be affirmed in its entirety.

Dated: New York, New York
May 8, 2026

Yours, etc.,

LEWIS BRISBOIS BISGAARD & SMITH LLP

Eldar Mayouhas
*Attorneys for Defendant*
LENOX HILL HOSPITAL
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (646) 783-0933
Fax: (212) 232-1399

# CERTIFICATE OF COMPLIANCE

This document complies with FRAP 32(a)(7)(B) and Local Rule 32.1(a)(4)(A) because, excluding those parts exempted by FRAP 32(f), it contains 4,885 words.

This document complies with FRAP 32(a)(5) and 32(a)(6) as it has been prepared using Word in 14-point Times New Roman – a proportionally spaced typeface.

Dated: New York, New York
May 8, 2026

Yours, etc.,

LEWIS BRISBOIS BISGAARD & SMITH LLP

Eldar Mayouhas
*Attorneys for Defendant*
LENOX HILL HOSPITAL
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (646) 783-0933
Fax: (212) 232-1399